Davey T. Kim (State Bar No. 209676)
dkim2@travelers.com
USERY & ASSOCIATES
Mailing Address: P.O. Box 2996
Hartford, CT 06104-2996
Physical Address: 9325 Sky Park Court, Suite 220
San Diego, CA 92123
Tel: (858) 616-6112
Fax: (844) 571-3789

Attorneys for Plaintiff
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, <br><br> Plaintiff, <br><br> v. <br><br> ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., <br><br> Defendant. | Case No.: <br><br><br> **THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, EQUITABLE SUBROGATION, AND EQUITABLE CONTRIBUTION** |

Plaintiff THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT alleges and avers as follows:

## THE PARTIES

1. Plaintiff The Travelers Indemnity Company of Connecticut ("Travelers") is, and at all relevant times was, an insurance company organized under

1

COMPLAINT

the laws of the State of Connecticut having its principal place of business in Connecticut.

2.     Travelers is informed and believes that defendant Associated Industries Insurance Company, Inc. ("Associated Industries Insurance Company") is, and at all relevant times was, an insurance company organized under the laws of the State of Florida, having its principal place of business in the State of New York and is authorized to conduct business in the State of California.

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests. As alleged below, this case addresses a dispute over defense and indemnity under a policy of general-liability insurance in connection with an underlying lawsuit filed in Sacramento County Superior Court by plaintiffs alleging bodily injury against various parties.  Moreover, defense costs alone for the various parties already exceed $75,000.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within the Eastern District of California.

## BACKGROUND FACTS

**The Travelers Policy**

5.     Travelers issued policy number 630-8495P567-TCT to Ravel Rasmussen Properties ("Ravel Rasmussen") for the policy period of May 15, 2019 to May 15, 2020 (the "Travelers Policy").  Roseville Medical Office Building Associates ("Roseville Medical Office Building") and The Three Tower Corporation, Inc. ("Three Tower Corporation") dba Separovich Domich Real Estate Development ("Separovich") are also named as insureds under the Travelers Policy.  The Travelers Policy provides that it is excess over any other insurance that is available to the

insured when the insured is added as an additional insured on another policy.

**The Underlying Action**

6. On December 2, 2020, Plaintiffs Jeffrey Scott Stephens and Cindy Ann Stephens ("Plaintiffs") filed their underlying complaint entitled *Jeffery Scott Stephens and Cindy Ann Stephens v. Sutter Valley Hospitals, et.al*, in Superior Court of California, Sacramento County, case number 34-2020-00289599 (the "Underlying Action"), alleging cause of action for negligence and loss of consortium against numerous defendants, including Roseville Medical Office Building (Doe 1), Three Tower Corporation (Doe 5), and Separovich (Doe 2). A true and correct copy of the complaint is attached as Exhibit A.

7. In the Underlying Action, Plaintiffs allege on or about August 12, 2019, Plaintiff Jeffrey Scott Stephens ("Jeffrey Stephens"), while legally on the grounds located at 2 Medical Plaza within the City of Roseville, County of Placer and the State of California ("Premises"), was walking upon the Premises when he fell due to a hole ("Incident").

8. In the Underlying Action, Travelers is informed and believes that the Plaintiffs allege that Roseville Medical Office Building, Three Tower Corporation and Separovich negligently maintained the Premises so as to allow a dangerous condition to exist on the Premises. The alleged dangerous condition consists of a hole in the grass. Plaintiffs allege that Roseville Medical Office Building, Three Tower Corporation and Separovich knew or should have known through the exercise of reasonable care, that the unsafe walking surface which caused Jeffrey Stephens to fall was located in an area where persons lawfully upon the Premises would likely walk and thereby posed a danger to such persons, and if Roseville Medical Office, Three Tower Corporation and Separovich had conducted a reasonable inspection of the Premises, and had maintained the Premises in a safe manner, Roseville Medical Office Building, Three Tower Corporation and Separovich would have discovered the dangerous condition posed by the unsafe walking surface.

3

COMPLAINT

9.     In the Underlying Action, Travelers is informed and believes that American River Caulking, Inc. ("American River Caulking") was contracted by West Fork Construction to complete caulking around the windows of the building located on the Premises and Jeffrey Stephens was working for American River Caulking at the time of the Incident.

10.     In the Underlying Action, Travelers is informed and believes that Jeffrey Stephens alleges at the time of the Incident, (1) he was actively working for American Caulking, (2) he was being directed by American River Caulking's foreman, Pat McGuire, to walk through a hazardous area to perform work, (3) he was walking with and guided by Mr. McGuire through a hazard area, and (4) he was not warned of the hazard that Mr. McGuire knew of the hazard area, wherein he fell due to a hole in the hazard area of the Premises.

11.     West Fork Construction and American River Caulking entered into a Subcontract Agreement dated December 19, 2018 for American Caulking to perform caulking work at the Premises ("Subcontract"). A true and correct copy of the Subcontract is attached as Exhibit B.

12.     The Subcontract states, in pertinent part:

6.1 Subcontractor shall, at Subcontractors Sole cost and expense… maintain in full force and effect for the entire term of this agreement the following types of insurance:

6.3 Commercial General Liability Insurance… The General Liability Insurance policy must expressly cover, without limitation, all liability to third parties arising out of or related to Subcontractors services or other activities associated with this Agreement, including, without limitation, Subcontractors obligations under the Indemnification section.

6.3.1 - Contractor is an Additional Insured on General Liability Policy. Contractor & Owner(s), (including its parent, subsidiary, and affiliate companies and their officers, directors, agents and employees) shall be added as Insureds ("Additional Insureds") under each commercial general liability policy in the paragraph above. The Additional Insured

4

COMPLAINT

status shall include ongoing operations and completed operations coverage. ….the Additional Insureds shall apply as primary insurance and any other insurance coverage carried by or otherwise available to an "additional Insured" will be excess only and will not contribute with this insurance…

12. Indemnification Subcontractor specifically obligates itself to Contractor and Owner in the following respects:

(b) To protect, hold free and harmless, defend and indemnify Owner and Contractor, including their members, officer, agents, directors, and employees from all liability, penalties, cost, losses, damages, expenses, causes of action, claims or judgements, including attorney's fees, resulting from injury to or death sustained by any person (including Subcontractor's employees) or damage to property of any kind, which injury, death, or damage arises out of the negligence, intentional or willful misconduct, breach of any statute or regulation or breach of any provision of the Subcontract by Subcontractor or its subcontractors, supplies, employees or any other individuals or entities for whom Subcontractor is responsible.

13. Travelers is informed and believes that Owners and their agents identified in the Subcontract are Roseville Medical Office, Three Tower Corporation and Separovich.

**The Associated Industries Insurance Company Policy**

14. Travelers is informed and believes that Associated Industries Insurance Company issued a policy number AES1031848-04 to American River Caulking for the policy period of October 1, 2018 to October 1, 2019, which was effective at the time of the Incident and which provides commercial general liability coverage (the "Associated Industries Insurance Company Policy").

15. Travelers is informed and believes that the Associated Industries Insurance Company Policy contains the following endorsements CG 20 33 07 04 which provide in pertinent parts:

/ / /

/ / /

5

## ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Section II - Who Is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect with liability for "bodily injury", "property damage" or "personal and advertising injury" caused in whole or in part, by:

1. Your acts or omissions or;
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

A person's or organization's status as an additional insured under the endorsement ends when your operations for that additional insured are completed.

…

## Tender and Defense of the Underlying Action

16.     On or about February 20, 2024, August 7, 2024 and February 3, 2025 Travelers tendered defense and indemnity to Associated Industries Insurance Company regarding the Underlying Action.

17.     To date, Associated Industries Insurance Company has refused to acknowledge its obligation to defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich.

18.     Travelers retained defense counsel to defend Roseville Medical Office, Three Tower Corporation and Separovich in the Underlying Action, pursuant to the Travelers Policy, and incurred and continues to incur fees and costs in defending

6

Roseville Medical Office, Three Tower Corporation and Separovich.  The defense fees and costs in defending Roseville Medical Office, Three Tower Corporation and Separovich should be done by Associated Industries Insurance Company under the Associated Industries Insurance Company Policy.

19.    As a result of Associated Industries Insurance Company's failure to properly defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich, if Travelers is forced to make any indemnity payment in the Underlying Action on behalf of Roseville Medical Office, Three Tower Corporation and Separovich without the appropriate participation from Associated Industries Insurance Company under Travelers Policy to effectuate settlement and release for Roseville Medical Office, Three Tower Corporation and Separovich in the Underlying Action, such indemnity obligation should be done by Associated Industries Insurance Company under the Associated Industries Insurance Company Policy.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

20.    Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19, inclusive, as though fully set forth herein.

21.    An actual and justiciable controversy has arisen between Travelers and Associated Industries Insurance Company in that Travelers contends, and Associated Industries Insurance Company disputes, that Associated Industries Insurance Company is obligated to defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich as additional insureds under the Associated Industries Insurance Company Policy on a primary and non-contributory basis to the Travelers Policy in the Underlying Action.

22.    Travelers seeks a judicial determination that Associated Industries Insurance Company is obligated to defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich in the Underlying Action as additional

7

COMPLAINT

insureds under the Associated Industries Insurance Company Policy on a primary and non-contributory basis.

23. Travelers requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring the rights and obligations of the parties with regard to their respective insurance policies.

24. Travelers further requests a declaration of rights, duties and/or obligations of the parties as otherwise appropriate, and for judgment for any amount as may be appropriate.

## SECOND CAUSE OF ACTION FOR EQUITABLE INDEMNITY

25. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. Travelers contends that Associated Industries Insurance Company was and is obligated to defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich against the Underlying Action. Moreover, Associated Industries Insurance Company's obligation to defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich is primary to the obligation of Travelers without any contribution from Travelers.

27. Despite the tenders, Associated Industries Insurance Company has refused to defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich on a primary basis without any contribution from Travelers.

28. Travelers is entitled to reimbursement and indemnification of defense fees and costs incurred in the Underlying Action because Associated Industries Insurance Company's obligation to Roseville Medical Office, Three Tower Corporation and Separovich is primary to the obligation of Travelers without any contribution from Travelers.

29. Travelers is also entitled to reimbursement and indemnification of any and all indemnity payment(s) made to resolve the Underlying Action on behalf of

8

COMPLAINT

Roseville Medical Office, Three Tower Corporation and Separovich on a primary basis without any contribution from Travelers.

## THIRD CAUSE OF ACTION FOR EQUITABLE SUBROGATION

30.    Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.    Travelers contends that Associated Industries Insurance Company was and is obligated to defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich against the Underlying Action.  Travelers further contends Associated Industries Insurance Company's obligation is on a primary and non-contributory basis to the Travelers Policy and, as such, Travelers has no duty to defend or indemnify until the limits of the Associated Industries Insurance Company Policy are exhausted.

32.    Despite the tenders, Associated Industries Insurance Company has refused to defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich on a primary basis without any contribution from Travelers.

33.    Due to Associated Industries Insurance Company's refusal to properly defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich, Travelers has had to incur defense fees and costs, which should have been paid by Associated Industries Insurance Company.

34.    Travelers is entitled to reimbursement of defense costs and any indemnity payment(s) incurred in connection with defending Roseville Medical Office, Three Tower Corporation and Separovich in the Underlying Action.

## FOURTH CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

35.    Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 inclusive, as though fully set forth herein.

36.    Travelers pleads this cause of action as an alternative to the equitable

9

indemnity and equitable subrogation causes of action.

37.     Pursuant to the Travelers Policy, Travelers has defended Roseville Medical Office, Three Tower Corporation and Separovich against the Underlying Action.  Pursuant to the Associated Industries Insurance Company Policy, Associated Industries Insurance Company owes defense and indemnity to Roseville Medical Office, Three Tower Corporation and Separovich as additional insureds in the Underlying Action.

38.     Associated Industries Insurance Company has failed to properly defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich in the Underlying Action.

39.     Associated Industries Insurance Company has not contributed to or reimbursed Travelers for the defense fees and costs that Travelers has incurred and continues to incur in defense of Roseville Medical Office, Three Tower Corporation and Separovich.  Travelers is informed and believes that Associated Industries Insurance Company will not contribute to or reimburse Travelers for the any indemnity payment(s) that Travelers is required to resolve the Underlying Action on behalf of Roseville Medical Office, Three Tower Corporation and Separovich. Therefore, Travelers is entitled to contribution and reimbursement from Associated Industries Insurance Company on a primary basis without any contribution from Travelers in an amount to be proven at trial.

## **PRAYER**

WHEREFORE, Travelers prays for judgment as follows:

1.     For a judicial determination that Associated Industries Insurance Company is obligated to defend and indemnify Roseville Medical Office, Three Tower Corporation and Separovich in the Underlying Action on a primary and non-contributory basis;

/ / /

/ / /

10

COMPLAINT

2.    For equitable indemnity against Associated Industries Insurance Company for the defense fees and costs and indemnity payment(s) incurred by Travelers in connection with the Underlying Action, plus interest;

3.    For equitable subrogation against Associated Industries Insurance Company for the defense fees and costs and indemnity payment(s) incurred by Travelers in connection with the Underlying Action, plus interest;

4.    In the alternative, for equitable contribution and apportionment of the defense fees and costs and indemnity payment(s) incurred by Travelers, plus interest;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

Dated:  August 25, 2025            USERY & ASSOCIATES

                                   By /s/ Davey T. Kim
                                   Davey T. Kim
                                   Attorneys for Plaintiff
                                   THE TRAVELERS INDEMNITY
                                   COMPANY OF CONNECTICUT

11

COMPLAINT